```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PATRICIA DROZDOWSKI              :      CIVIL ACTION
                                 :
       v.                        :
                                 :
MICHAEL G. CALLAHAN, et al.      :      NO. 07-cv-01233-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    February 12, 2008

      Plaintiff has brought this action against the publisher and alleged authors of a book entitled, <u>Kings and Queens: Queers at the Prom</u>, a collection of purported first-person accounts of the experiences of young people who learned, in high school, that they were homosexuals, and who later "came out" and disclosed their orientation. Plaintiff was a friend of one of the narrators, and was his date at a high school prom. She is referred to by name in his account, and her photograph appears in the book. She asserts claims for libel and invasion of privacy.

      The defendant Callahan has filed a motion for judgment on the pleadings, asserting that this action is barred by the applicable statute of limitations. By Order dated October 9, 2007, that motion was converted into a motion for summary judgment under Fed. R. Civ. P. 56, and the parties were granted a period of time in which to conduct discovery addressing the limitations issue. Although plaintiff now asserts that the defendant has failed to provide certain discovery, I conclude that the further discovery sought is irrelevant to the

limitations issue, and that the present state of the record mandates granting defendant's motion for summary judgment.

Plaintiff's complaint forthrightly alleges, in paragraph 32:

> "<u>Kings and Queens</u> was originally published in or around 2004 by defendant Skull Press and has been and continues to this day to be published and distributed all over the world, via internet orders (Amazon.com) and retail outlets, including in Philadelphia, in the Eastern District of Pennsylvania."

It is undisputed that the book was only published once, in 2004. Plaintiff did not file this action until March 28, 2007. The action is clearly barred by Pennsylvania's one-year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5523(1). The book was published only once, and the Uniform Single Publication Act, 42 Pa. Cons. Stat. Ann. § 8341(b), has no bearing on the limitations issue, in the circumstances of this case. The statute of limitations began to run when the publication occurred. Pennsylvania law on this subject is thoroughly reviewed in <u>Bradford v. American Media Operations, Inc.</u>, 882 F. Supp. 1508 (E.D. Pa. 1995)(Dalzell, J.), and need not be repeated here.

Plaintiff convincingly asserts that she did not become aware of the offending publication until on or about February 27, 2007, when she saw the defendant Callahan being interviewed on television in connection with another article he had written. Curious about what had happened to her high school classmate, she

conducted an internet search on or about March 2, 2007, and learned of the publication of the offending book.  As noted by Judge Van Antwerpen in <u>Barrett v. Catacombs Press</u>, 64 F. Supp. 2d 440 (E.D. Pa. 1999), the discovery rule has no application "where the allegedly defamatory material was published, advertised and distributed freely to any willing purchaser." <u>Id.</u> At 445.

     For the foregoing reasons, defendant Callahan's motion for summary judgment will be granted.

     An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA DROZDOWSKI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL G. CALLAHAN, et al. | : | NO. 07-cv-01233-JF |

ORDER

AND NOW, this 12th day of February 2008, upon consideration of defendant Callahan's Motion to Dismiss (converted into a motion for summary judgment) and plaintiff's response thereto, IT IS ORDERED:

1. That defendant Callahan's Motion for Summary Judgment is GRANTED.

2. As to the defendant Callahan, this action is DISMISSED with prejudice.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.